IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE MITCHELL, #08044825 ) | | |
| TDCJ #599854, ) | | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | 3:08-CV-1152-G | |
| ) | | |
| NATHANIEL QUARTERMAN, Director, ) | | |
| Texas Dep't of Criminal Justice, ) | | |
| Correctional Institutions Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is temporarily confined at the Dallas County Jail in Dallas, Texas, on a bench warrant. *See* Attachment I. Respondent is the director of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). The court issued process in this case.

Statement of Case: On October 4, 1991, Petitioner was convicted of theft of property and sentenced to thirty years imprisonment as a habitual offender. *State v. Mitchell*, No. F91-424837T (283rd Judicial Dist. Court, Dallas County). In this action, Petitioner challenges the

revocation of his parole on January 10, 2008. On April 15, 2008, Petitioner filed a state habeas application challenging his parole revocation. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on July 23, 2008. *Ex parte Mitchell*, No. 22,899-07, at cover and at 2.

In his federal petition, filed on July 8, 2008, Petitioner challenges his parole revocation as constitutionally defective. He alleges the revocation of his parole violated his due process rights, and that he was denied appointed counsel. He also alleges "discrepancy in policy, practices, and procedures." (Petition at ¶20(A)-(C)). Attached to the federal petition is a memorandum in support along with exhibits.

In response to the court's order to show cause, Respondent filed an answer along with the state court record. Petitioner filed a reply.

<u>Findings and Conclusions:</u> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The underlying focus of Petitioner's first ground is that the Board of Pardons and Paroles (Board) revoked his parole relying in part on two crimes for which he was never arrested or convicted – namely a May 11, 2007 charge for evading arrest, and a May 13, 2004 charge for burglary of motor vehicle and engaging in organized crime. These offenses were mentioned by

2

Parole Officer Shanika Jackson in a TDCJ Parole Division Adjustment Statement dated November 27, 2007. (*See* Attachments to federal Petition, or Parole Revocation Records (PRR) attached to Respondent's Answer).

Judicial review of a decision to revoke parole "is quite circumscribed." *Villarreal v. U.S. Parole Com'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process only requires that there be "'some evidence' in the record to support the . . . decision" to revoke parole. *Id.* A revocation proceeding is not part of a criminal prosecution. *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972). The burden of proof in a parole revocation hearing is by a preponderance of the evidence, a considerably lower standard than reasonable doubt which governs criminal trials. *Villarreal*, 985 F.2d at 839. All that is required for revocation is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release. *See Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977).[1]

The fact that the adjustment statement mentioned two crimes for which Petitioner was never arrested or convicted does not amount to a due process violation. The Constitution does not bar parole authorities from considering criminal activities for which the parolee has not even been charged, or criminal charges which were previously dismissed. *Maddox v. U.S. Parole Com'n*, 821 F.2d 997, 999 (5th Cir. 1987) ("the commission may consider . . . allegations of criminal activity for which the prisoner has not even been charged."); *Villareal*, 985 F.2d at 839 (parole boards may consider charges which were dismissed by the State); *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam) (no due process violation when State considered

---

[1] Although *Villareal* and other cases referred to in this recommendation involve revocations of federal paroles, they are relevant since they also apply the Supreme Court's decision in *Morrissey v. Brewer*.

dismissed criminal charge during parole revocation hearing); *Cohee v. Wendt*, 2004 WL 1593632, *2, No. 3:03cv2806-G (N.D. Tex. 2004), *findings and conclusions accepted*, 2004 WL 1774555 (2004).

In any event, in this case, the Board ultimately revoked Petitioner's parole on the basis of two new convictions from Tarrant County -- Fraudulent Use/Possesion of ID and False Statement to Obtain Property or Credit over $1,500, which occurred on November 25, 2007 – *not* the prior offenses mentioned in the Adjustment Statement. *See* PRR, Revocation Hearing Report at 5. On December 5, 2007, Petitioner pled guilty to these new offenses and was sentenced to six months imprisonment in state jail. *Id.* During the course of the revocation hearing, Petitioner admitted that he had been convicted of the offenses. *Id.* at 6.

In sum, Petitioner cannot establish any due process violation. His parole was properly revoked and he is lawfully restrained.[2]

Next Petitioner contends that he was denied the right to appointment of counsel during the parole revocation proceedings.

A parolee has no absolute right to counsel during parole revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Rather the decision to appoint counsel is made on a case by case basis in the exercise of sound discretion by the state authority charged with the responsibility of administering the parole system. *Id.* at 790-91.

In this case, Petitioner requested representation of counsel. The hearing officer, however,

---

[2] Insofar as Petitioner claims that Parole Officer Shanika Jackson should be prosecuted for tampering with government record under Texas Penal Code §37.10, his request is beyond this court's habeas jurisdiction. Investigations in possible criminal activities and the prosecution of criminal offenses fall within the jurisdiction of the executive branch of the state or federal government.

determined that Petitioner did not meet the criteria for appointment of counsel because the issues were not complex, and he was articulate, and understood the hearing process. *See* PRR at 6. Petitioner has not demonstrated an abuse of discretion on the part of the hearing officer in denying appointment of counsel. The memorandum and exhibits submitted in this federal action certainly support the hearing officer's finding that Petitioner was capable of defending himself. Accordingly, ground two should be denied.

In his last ground, Petitioner asserts "discrepancy in policy, practices, and procedures." (Petition at ¶ 20(C)). In support he relies on exhibits from his parole revocation file, and generalized allegations in his memorandum in support.

Petitioner's conclusory allegations fail to raise a claim cognizable under federal habeas corpus. Alternatively, his claim should be denied as unexhausted and procedurally barred. The state trial court found that the third ground failed to comply with Tex. R. App. P. 73.1. *See Ex parte Mitchell*, No. 22,899-07, at 43. In the event Petitioner were to file another state writ raising his third ground, it would be denied for abuse of the writ. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997) (Texas abuse-of-the-writ doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition."); *see also Smith v. Johnson,* 216 F.3d 521, 523-4 (5th Cir. 2000) (petitioner was procedurally barred from obtaining federal habeas review of claim which had been raised in state habeas application that had been dismissed as successive).

RECOMMENDATION:

In conclusion, Petitioner has not demonstrated that the Texas Court of Criminal Appeal's decision to deny his state habeas application was either an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented.

Accordingly, it is recommended that the petition for writ of habeas corpus be DENIED and DISMISSED, and that Petitioner's motions relating to the issuance of the order to show cause be DENIED as moot (*see* Docket # 13-15).

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 5th day of February, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**